UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RACHELE L. RUSS,

    Plaintiff,

vs.                                             Case No. 3:07-cv-1213-J-MCR

MICHAEL J. ASTRUE, Commissioner of the
Social Security Administration,

    Defendant.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Uncontested Petition for Award of Attorney Fees Under 42 U.S.C. 406(b) (Doc. 20) filed December 17, 2010. According to Plaintiff, the Commissioner does not oppose the proposed fee. (Doc. 20, ¶12).

Plaintiff's counsel, who was retained by Plaintiff in October 1999, obtained a sentence four remand/reversal of denial of benefits for his client in this social security appeal on March 29, 2005 (see Russ v. Barnhart, 3:04-cv-463-J-HTS, Doc. 12, Final Order reversing and remanding case to Commissioner). As a result of that remand, counsel received an award of EAJA fees in the amount of $2,618.12 for 17.75 hours of work. (See Russ v. Barnhart, 3:04-cv-463-J-HTS, Doc. 15, Order on Application for Attorney's Fees). Another administrative hearing was held and the ALJ issued a second decision on April 13, 2006 again denying Plaintiff's claim. Counsel filed a second appeal of this decision and on March 20, 2009, he obtained a second sentence four remand/reversal. (Doc. 15). Counsel obtained an award of EAJA fees in the

-1-

amount of $3,307.50 for his 21 hours of work in federal court on this case.  (See Doc. 18 Order on Application for Attorney's Fees).  Upon remand this time, the Commissioner issued a decision favorable to Plaintiff and awarded Plaintiff $81,629.00 in past-due social security disability insurance benefits.  (Doc. 20, ¶4).  Pursuant to 42 U.S.C. §406(b), the Commissioner set aside $20,407.25, which is 25% of Plaintiff's past-due benefits award, in escrow for the possible payment of attorney's fees.  (Doc. 20, ¶4).  Additionally, the Commissioner issued a check to Plaintiff's counsel in the amount of $5,917.00 ($6,000 minus the user fee charged by the Social Security Administration) for his work performed at the administrative level.  (Doc. 20, ¶5).  Pursuant to the contingent Fee Agreement entered into by Plaintiff and her attorney, Plaintiff's counsel now seeks a fee of $14,407.25 representing the remainder of the 25% of Plaintiff's past-due benefits.  (See executed fee agreement, Doc. 20, Ex. 1).

Under 42 U.S.C. § 406(b), an attorney who secures a favorable result for his client upon remand from federal court may petition the Court for a fee not in excess of 25% of the total past-due benefits to which the claimant is entitled.  42 U.S.C. § 406(b)(1)(A). In capping the fee at 25%, "Congress . . . sought to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees."  Gisbrecht v. Barnhart, 535 U.S. 789, 806, 122 S.Ct. 1817 (2002) (citations omitted).

"Within the 25% boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."  Id. at 807.  The Court's § 406(b) reasonableness analysis is not meant to supplant the contingency-fee

-2-

arrangement, which the Supreme Court recognized as the most common fee arrangement in social security cases. Id. at 800. In fact, the Supreme Court counsels that the parties' fee agreement is the first place the Court should turn in assessing the reasonableness of a fee. Id. at 808. Other key considerations include the character of the representation and the results the representation achieved. Id. For example, "[i]f the attorney is responsible for delay" or "[i]f the benefits are large in comparison to the amount of time spent on the case" the Court may appropriately reduce the fee. Id.

In this case, Plaintiff's counsel has submitted a copy of the fee agreement he entered into with Plaintiff. (Doc. 20, Ex. 2). The signed agreement provides, among other things, that if the claim is awarded following an appeal, Plaintiff agrees to pay a fee of 25% of her past due benefits. Id. The Social Security Administration approved the fee agreement between Plaintiff and her attorney. (Doc. 20, Ex. 1, p.3). Therefore, the undersigned fins the parties' contingency-fee agreement is presumptively reasonable.

The Court next considers whether the character and quality of counsel's representation in this case creates any basis for a reduction. Plaintiff's counsel primarily practices Social Security disability and ERISA disability law. Based on counsel's many years of practice in this Court, the undersigned is familiar with the skilled, professional representation he provides to his clients. Here, counsel has represented Plaintiff for approximately eleven (11) years and has attended five separate ALJ hearings. During the pendency of the two cases counsel filed on behalf of Plaintiff, he sought only one two-week extension of time. Counsel obtained two sentence four

remands on behalf of his client.  After the second remand, counsel attended four additional hearings.  After the fourth hearing, the ALJ issued a fully favorable decision, which found Plaintiff disabled as of April 1997 and awarded her past due benefits in the amount of $81,629.00 as well as $672.00 in monthly benefits going forward.

The Court is convinced that based on this record, Plaintiff's counsel obtained a significantly successful result for his client.  The Court also finds that counsel promptly prosecuted this case and created no undue delay.  While the total amount of time counsel spent on this case (38.75) is not particularly high compared to the amount of fee he seeks to recover ($14,407.25), based on the contingency fee contract to which Plaintiff agreed, the results obtained, and with no objection from the Commissioner, the Court finds the fee to be reasonable under the circumstances of this case.[1]
Accordingly, it is hereby

**ORDERED**:

Plaintiff's Uncontested Petition for Award of Attorney Fees Under 42 U.S.C. 406(b) (Doc. 20) is **GRANTED**.  The Court finds that a reasonable additional attorney fee for Plaintiff's counsel, Erik W. Berger, for representation of Plaintiff in this Court is **$14,407.25** and the Commissioner is ordered to pay said sum to Erik W. Berger.  Upon receipt of the funds from the Commissioner, counsel for Plaintiff is directed to refund to Plaintiff $5,925.62 representing the fee already paid to Plaintiff's counsel under his EAJA applications.

---

[1] As the Commissioner has not objected to the instant fee request, this decision should not be viewed as precedent in a case where the rate is contested.

The Clerk shall enter Judgment accordingly.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this   21st   day of December, 2010.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record